IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BARBARA BOSE             *

    Plaintiff,        *

       v.              *   CIVIL NO.:  WDQ-09-3400

MELVIN J. JEWS, *et al.*, *

    Defendants.       *

\* * * * * * * * * * * * *

MEMORANDUM OPINION

On December 22, 2009, Barbara Bose sued Melvin J. Jews and Jodi A. Cavanaugh for negligence arising out of an alleged dog attack. Paper No. 1. On February 11, 2010, the Defendants moved to dismiss for lack of jurisdiction and improper venue, Paper No. 7, and moved for sanctions against Bose on April 26, 2010, Paper No. 10. On May 5, 2010, Bose filed a notice of voluntary dismissal. Paper No. 12. For the following reasons, the motions will be denied.

I.  Voluntary Dismissal

Under Rule 41(a)(1)(A)(i), "a plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). Because the Defendants have not filed their answer or a motion

for summary judgment, Bose is entitled to dismiss her case. This voluntary dismissal moots the Defendants' motion to dismiss but not their motion for sanctions.[1]

II. Motion for Sanctions

The Defendants moved for sanctions against Bose under Local Rule 102 and Fed. R. Civ. P. 11 for (1) failing to disclose the attorneys who assisted her in preparing her complaint, and (2) filing an identical lawsuit in the Circuit Court for Dorchester County, Maryland. Def.'s Sanct. Mot. ¶¶ 1-3. Bose argues that she did not have counsel at the time she filed her complaint and filed simultaneously in federal and Maryland state court "to toll limitations [periods] until [she] could engage an attorney" to litigate. Pl.'s Sanct. Opp. ¶¶ 3-4.

Under Local Rule 102.1.a.ii, "[a]ttorneys who have prepared any documents which are submitted for filing by a *pro se* litigant must be members of the Bar of this court and must sign the document, state their name, address, telephone number and their bar number assigned by this Court." But Local Rule 102 does not provide a remedy for violations. As this case will be dismissed, the Defendants have not been prejudiced by the alleged violation of this provision; thus, sanctions will not be awarded.

---

[1] "Rule 11 sanctions may be imposed when a case is no longer pending." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002).

Under Fed. R. Civ. P. 11(b), an attorney or unrepresented party must certify to the court that to the best of his "knowledge, information, and belief" formed after a reasonable inquiry: (1) the action is not being presented for an improper purpose, (2) the legal contentions are warranted by law, (3) the facts alleged have or will have evidentiary support, and (4) denials of facts are based on evidence or lack of knowledge. *See* Fed. R. Civ. P. 11(b). Rule 11(c) allows a party to be sanctioned if he violates Part (b).[2]

The Defendants assert that this is a "frivolous" case and that Bose filed identical lawsuits in federal and Maryland state court "with the intent to harass, annoy and embarrass [them] because she knows that they are Maryland attorneys." Def.'s Sanct. Mot. ¶¶ 4-5. But this negligence action--arising from allegations of a serious dog bite sustained by Bose--is not frivolous on its face. Furthermore, Bose has provided a logical explanation for her dual filing; she wanted to toll the statute of limitation in both courts while she retained new counsel.

---

[2] Rule 11 has a "safe harbor" provision, which requires a party seeking sanctions to serve the Rule 11 motion on the opposing party at least 21 days before filing the motion with the court; this provides an opportunity for withdrawal or correction of the challenged pleading. Fed. R. Civ. P. 11(c)(2). Because the safe harbor provision is not jurisdictional, this defense is waived if not properly asserted. *Bond v. Blum*, 317 F.3d 385, 400 (4th Cir. 2003)(*citing Rector v. Approved Fed. Savings Bank*, 265 F.3d 248 (4th Cir. 2001)). Here, Bose waived the safe harbor defense by failing to raise it in her opposition.

Accordingly, Bose did not file this case for an improper purpose, and sanctions will not be awarded.

For the reasons stated above, the Defendants' motions to dismiss and for sanctions will be denied. This case shall be dismissed with prejudice pursuant to Rule 41(a)(1)(A)(i).


June 11, 2010                    _____/s/_____
Date                             William D. Quarles, Jr.
                                 United States Federal Judge